A90A0443. SAARI v. GILLETT COMMUNICATIONS OF ATLANTA, INC.
(393 SE2d 736)

BANKE, Presiding Judge.

The appellant, acting as administrator of the estate of Bradley Gerard Saari, sued the appellee for defamation, alleging that after the decedent had been found burned to death in his automobile the appellee broadcast a news report falsely describing his death as being "drug-related." This appeal is from the grant of the appellee broadcaster's motion for judgment on the pleadings. *Held:*

There is no common law right of action for defamation of a deceased person. See Restatement (Second) of Torts, § 560 (1977); 2 Harper, James & Gray, The Law of Torts, § 5.3 (1986); 50 AmJur2d, Libel & Slander, § 320 (1970). Since there is no Georgia statute alter-

ing the common law in this regard, the trial court did not err in granting the appellee's motion for judgment on the pleadings. Accord *Atlanta Journal Co. v. Farmer*, 48 Ga. App. 273 (172 SE 647) (1933) (holding that the alleged defamation of a deceased person creates no cause of action in favor of his relatives). The appellant's reliance on *Johnson v. Bradstreet Co.*, 87 Ga. 79 (13 SE 250) (1891), is misplaced, as that case merely held that where a living person had brought an action for libel and then died while the action was pending, the action did not abate but survived to his representative. It clearly does not follow from this holding that a person can be libeled after he has died.

*Judgment affirmed. Birdsong and Sognier, JJ., concur. Cooper, J., disqualified.*

DECIDED APRIL 27, 1990.

*Rolader & Rolader, D. W. Rolader*, for appellant.
*Alston & Bird, Judson Graves, Bryan A. Vroon*, for appellee.